JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 14 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 692

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE UNION CARBIDE CORPORATION CONSUMER PRODUCTS BUSINESS SECURITIES LITIGATION

TRANSFER ORDER

This litigation presently consists of four actions pending in two federal districts: three actions in the Southern District of New York and one action in the Eastern District of Pennsylvania. Before the Panel is a motion by plaintiffs in one New York action. The motion, as amended, seeks to centralize the four actions in this litigation, pursuant to 28 U.S.C. §1407, in the Southern District of New York for coordinated or consolidated pretrial proceedings.[1] Plaintiffs in one other New York action and defendant Union Carbide Corporation (Union Carbide) support the motion for centralization. Plaintiff in the Pennsylvania action also supports the motion, but suggests that either the Southern District of New York or the Eastern District of Pennsylvania would be an appropriate transferee forum. Plaintiff in the third New York action (formerly pending in the Northern District of Illinois) opposes the motion.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common questions of fact concerning alleged wrongful conduct in the sale by Union Carbide of its consumer products businesses, and all actions are brought as purported class actions on behalf of substantially similar groups of recipients and/or purchasers of rights to share in the proceeds of such sale. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with regard to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

---

[1] One of the New York actions -- <u>Richard James Stevens, etc. v. Union Carbide Corporation</u>, S.D. New York, C.A. No. 86-Civ-6264 -- was pending in the Northern District of Illinois when the amended Section 1407 motion was filed. The action was subsequently transferred to the Southern District of New York pursuant to 28 U.S.C. §1404(a), in an order entered by Judge John A. Nordberg on July 31, 1986.

-2-

We are persuaded that the Southern District of New York, where three of the four actions are already pending, is the appropriate transferee forum. We note that most of the activities complained of by plaintiffs occurred in or near New York City, and thus many relevant witnesses and documents are likely to be found in, or in close proximity to, the Southern District of New York.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Eastern District of Pennsylvania be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-692 -- In re Union Carbide Corporation Consumer Products Business Securities Litigation</u>

<u>Eastern District of Pennsylvania</u>

<u>Selden Ring v. Union Carbide Corporation, et al.,</u> C.A. No. 86-2897

<u>Southern District of New York</u>

<u>Sy Richard Lippman, et al. v. Union Carbide Corporation, et al.,</u> C.A. No. 86-CIV-4177(CLB)

<u>Northchester Corporation et al. v. Union Carbide Corporation, et al.,</u> C.A. No. 86-Civ-4318(CLB)

<u>Richard James Stevens, etc. v. Union Carbide Corporation,</u> C.A. No. 86-Civ-6264